4058
JJC/ds/tv
9/20/12

JAMES J. CURRY, JR., ESQ.
505 Main Street
P.O. Box 1225
Toms River, NJ 08754
Phone: (732) 240-4200
E-Mail: jjcfederal@gmail.com

UNITED STATE DISTRICT COURT
DISTRICT OF NEW JERSEY
TRENTON VICINAGE

-----------------------------------------------x

| | |
|---|---|
| AMY THEES, | : |
| Plaintiff, | : |
| vs. | :   Civil Action No. _____ |
| OCEAN MEDICAL CENTER | : |
| ASSOCIATION, INC., A New | COMPLAINT |
| Jersey Corporation; MERIDIAN | :   JURY TRIAL DEMANDED |
| HEALTH SYSTEMS, INC., a | AFFIDAVITS OF MERIT |
| New Jersey Corporation; | CERTIFICATION OF DAMAGES |
| ELLIOT SEMET, M.D., CARY | : |
| EVANGELISTA, R.N.; | : |
| MARSHA SWARTZ, R.N.; | |
| SHARON DAVIS, R.N.; | : |
| and NANCY GALOS, R.N.; | |
| | : |
| Defendants. | |

-----------------------------------------------x

## COMPLAINT

### PARTIES

1. Amy Thees was a citizen of the State of Connecticut, residing therein at 538 Town Colony Drive, Middletown, Connecticut, which is in the County of Middlesex.

2. The defendant, Ocean Medical Center Association, Inc. (Ocean Medical Center) is a corporation incorporated in the State of New Jersey and is a citizen of New Jersey having a principal place of business at 425 Jack Martin Boulevard, Brick, New Jersey, in the County of Ocean.

3. The defendant, Meridian Health Care Systems, Inc. (Meridian), is a corporation incorporated in the State of New Jersey and is a citizen of the State of New Jersey, having its principal place of business at 1350 Campus Parkway, Neptune, New Jersey, in the County of Monmouth.

4. The defendant, Elliot Semet, M.D., was, at all times relevant herein, a physician licensed to practice medicine in the State of New Jersey, in the medical specialty of orthopedic surgery. The defendant, Semet, maintains his office and surgical practice and place of business, at 2446 Church Road, Toms River, New Jersey, in the County of Ocean, and is a citizen of the State of New Jersey.

5. The defendants, Cary Evangelista, R.N., Marsha Swartz, R.N., Sharon Davis, R.N. and Nancy Galos, R.N. were at all times relevant herein, agents, servants and/or employees of Ocean Medical Center, providing care and treatment to the plaintiff herein at Ocean Medical Center, at 425 Jack Martin Boulevard, Brick, New Jersey, and all of the nurses named herein are citizens of the State of New Jersey.

6. At all times relevant herein, Ocean Medical Center was an affiliate of defendant, Meridian Health Systems, Inc.

7. At all times relevant herein, the agents, servants and/or employees of defendants, Ocean Medical Center and Meridian Health Systems, Inc., were acting in the course of and scope

2

of their agency, authority and/or employment and were acting for and on behalf of the defendants, Ocean Medical Center and Meridian Health Systems, Inc.

## JURISDICTION AND VENUE

8. Federal jurisdiction is predicated upon diversity of citizenship under Statutory authority of 28 U.S.C. Section 1332. The amount in controversy exceeds $75,000.00.

9. Venue in this judicial district is proper pursuant to 28 U.S.C. Section 1391(a) because the events or omissions giving rise to this action arose out of conduct or neglect that occurred in this judicial district.

## FACTS

10. On or before November 24, 2010, the plaintiff had been evaluated and treated by Elliot Semet, M.D., an orthopedic surgeon, for complaints of a left-sided tear of her anterior cruciate ligament (ACL).

11. The defendant, Semet, scheduled the plaintiff for same-day surgery at the defendant, Ocean Medical Center, which was an affiliate of the defendant, Meridian in Brick, New Jersey.

12. On November 24, 2010, the defendant, Semet, did operate on plaintiff's left ACL for reconstructive surgery.

13. The defendants, Cary Evangelista, R.N., Marsha Swartz, R.N., Sharon Davis, R.N., and Nancy Galos, R.N. were registered nurses who were acting in the course of their employment with defendant, Ocean Medical Center and Meridian, as same-day surgery nurses who had direct patient care in the same-day surgery suite for the procedure that occurred on November 24, 2010, wherein defendant, Semet, was the operating orthopedic surgeon.

14. Upon information and belief in addition to the name defendants herein, there were other medical technicians, officers, agents, or employees who were acting in the course of their employment with the defendant, Ocean Medical Center and Meridian, in the same-day surgical suite on or about November 24, 2010 while plaintiff was a patient at that facility and in the same-day surgical suite and did render care or treatment to the plaintiff.

15. As a direct and proximate result of the same-day surgery procedure performed on the plaintiff, as set forth above, plaintiff did sustain a burn, requiring her to undergo extensive burn/wound treatment and debridement, and has a permanent scar which, upon information and belief, will require surgical revision with a plastic surgeon.

16. As a direct and proximate result of the negligence of the defendants herein, jointly, severally and individually, plaintiff, Amy Thees, has sustained the following injuries:

    A.    Surgical burn;

    B.    Permanent scarring on her left thigh and buttock crease area;

    C.    Past and future physical pain and suffering;

    D.    Past and future mental pain and suffering;

    E.    Past and future loss of life's pleasures;

    F.    Past and future embarrassment and disfigurement;

    G.    Past and future medical expenses;

    H.    Past and future lost earnings and earning capacity.

17. The injuries sustained by the plaintiff were caused solely and completely by reason of defendants' negligent conduct as set forth below and were not caused nor contributed to by any negligence on the part of the plaintiff.

## **COUNT ONE**

## *RES IPSA LOQUITUR*

18. The injury sustained by the plaintiff was and is considered an "environmental event" and was and is a an adverse event as classified by the Agency for Health Care Registry and Quality (AHRQ) by reason of the fact that there was an environmental event wherein the plaintiff sustained serious disability associated with a burn from any source while being cared for in a health care facility, and was and is a "never" event as defined for the Center for Medicare and Medicaid Services (CMS).

19. At all times herein, the defendant, Semet, was a board certified orthopedic surgeon and holds himself out as a specialist and expert in the field of orthopedic surgery and, in particular, ACL surgery.

20. The defendants, Ocean Medical Center and Meridian, now, and at all times relevant hereto, are hospitals organized and existing under the laws of the State of New Jersey, engaged in the business of operating a licensed hospital in the Township of Brick, County of Ocean, State of New Jersey.

21. At all times relevant herein, the defendants, Cary Evangelista, R.N., Marsha Swartz, R.N., Sharon Davis, R.N. and Nancy Galos, R.N. were and are licensed registered nurses of the State of New Jersey and were assigned to the same-day surgery suite and did participate in the ACL procedure that occurred on November 24, 2010. Upon information and belief, they participated in the preparation of the plaintiff's operative field and were responsible for monitoring of the plaintiff, including skin integrity, both prior, during and post procedure.

22. As a result of the recommendation of the defendant, Semet, that plaintiff needed ACL reconstruction, plaintiff authorized and employed the defendant/surgeon to perform this procedure on November 24, 2010.

23. In compliance with the course of treatment recommended by the defendant/surgeon, plaintiff presented herself to Ocean Medical Center on November 24, 2010, where she was taken by agents and employees of defendants, Ocean Medical Center and Meridian, to the same-day surgical suite at the defendant/hospital, and submitted to the left ACL reconstruction.

24. Prior to the surgical procedure, plaintiff's skin was intact. In particular, she did not have any burns on her left buttock, thigh or leg.

25. Upon information and belief, plaintiff, Amy Thees, alleges that, in the course of the ACL surgery, the defendant/surgeon was assisted by the defendant/nurses named herein and/or unidentified officers, agents, or employees who were medical care practitioners including technicians who, at all times, were acting within the scope of their employment and duties at the same-day surgical suite.

26. During the course of the surgery and while plaintiff was under anesthetic agents, she did sustain, as a direct and proximate cause of the lack of care, inattention, or both, on the part of the defendants, described below.

27. In preparing the plaintiff and performing the left ACL procedure, defendant/surgeon was negligent in failing to exercise the reasonable degree of skill and care ordinarily exercised in similar operations by other orthopedic surgeons.

28. Defendant/hospital, through its individual employees and were negligent in that, had due care been exercised during the course of the surgery, no injury would have occurred to the plaintiff. The defendant/nurses named herein or healthcare practitioners whose identities are unknown at this time were negligent and failed to exercise the degree of skill and care ordinarily exercised by healthcare practitioners and/or registered nurses in similar procedures.

29. The defendant/surgeon and defendant/hospital and its officers, agents or employees who are named herein, were in the exclusive control of the same-day surgery suite in which the procedure was conducted, of the preparation and instrumentation used during the surgery and the procedures employed in the surgery and also post-surgical follow up.

30. As a direct and proximate result of the negligence of the defendants, and each of them, the plaintiff has sustained a serious and permanent burn to her left thigh/buttock crease area.

WHEREFORE, plaintiff demands Judgment against the defendants, both jointly and severally, for damages sustained, attorney's fees and costs of suit.

## COUNT TWO AGAINST DEFENDANTS
## FOR MEDICAL AND NURSING MALPRACTICE

31. The plaintiff repeats the allegations set forth in paragraph 1 through 29 in Count One herein.

32. On or about November 24, 2010, plaintiff presented herself at Ocean Medical Center for a same-day surgery which consisted of a left ACL reconstruction performed by defendant, Semet, a board certified orthopedic surgeon.

33. On November 24, 2010, defendants, Cary Evangelista, R.N., Marsha Swartz, R.N., Sharon Davis, R.N. and Nancy Galos, R.N., were registered nurses employed by the defendants, Ocean Medical Center and Meridian Health Systems, Inc. and were and are acting in the course of their employment and, in particular, were assigned to the plaintiff in the same-day surgery suite.

7

34. On or about November 24, 2010, the plaintiff was prepped for her operative procedure by the defendant, Semet, and/or the defendants, Cary Evangelista, R.N., Marsha Swartz, R.N., Sharon Davis, R.N. and Nancy Galos, R.N., for her operative procedure.

35. The defendants herein, Elliot Semet, M.D. and Cary Evangelista, R.N., Marsha Swartz, R.N., Sharon Davis, R.N. and Nancy Galos, R.N., had an obligation, pursuant to their respective standards of care, to properly prepare the plaintiff for the surgical procedure, including application of skin preparation and the pressure tourniquet and to properly monitor patients while under their care and, in particular, patient's skin assessment, both prior, during and post procedure.

36. The plaintiff alleges that the defendant, Elliot Semet, M.D., departed from the standards of care that would have been required of an orthopedic surgeon under similar circumstances, in that he negligently and carelessly either prepared, failed to monitor, or both, plaintiff's skin condition, and failed to properly assess plaintiff's skin condition prior, during and post-surgical procedure.

37. This deviation on the part of defendant, Elliot Semet, M.D., proximately caused the injuries complained of by the plaintiff herein.

38. The defendant named nurses herein and/or unidentified healthcare practitioners employed by the defendant institutions named herein did depart from standards of care that would have been required of registered nurses and/or healthcare practitioners under similar circumstances in preparing and monitoring the plaintiff for the ACL surgical procedure. In particular, these defendants were negligent in not properly monitoring and assessing plaintiff's skin condition prior, during and post procedure. The deviation on the part of defendants, Cary

Evangelista, R.N., Marsha Swartz, R.N., Sharon Davis, R.N. and Nancy Galos, R.N., proximately caused the injuries complained of by the plaintiff herein.

WHEREFORE, plaintiff hereby demands judgment against the defendants, jointly, severally and individually, for damages sustained, attorney's fees and costs of suit.

### JURY DEMAND

Plaintiff hereby demands a trial by jury in accordance with Fed. R. Civ. P. 38(B) and L. Civ. R. 38.1.

### CERTIFICATION PURSUANT TO L. Civ. R. 11.2

The undersigned does hereby certify that the matter in controversy is not the subject of any other action pending in any Court or in any pending arbitration or administrative proceeding.

### AFFIDAVITS OF MERIT

Annexed hereto is an Affidavit of Merit with regard to the negligence of defendants, Ocean Medical Center, Meridian Health Systems, Inc., and Cary Evangelista, R.N., Marsha Swartz, R.N., Sharon Davis, R.N. and Nancy Galos, R.N., by Helen Dickson, R.N.

Also annexed is an Affidavit of Merit with regard to defendant, Elliot Semet, M.D. by Daniel Farber, M.D.

If any defendant has any objection to the sufficiency of the Affidavit of Merit, demand is hereby made that the plaintiff be immediately notified of any such deficiency so the same may be corrected, if necessary, within the time constraints of N.J.S.A. 2A:28-53(a).

_____
James J. Curry, Jr.
Attorney for Plaintiff

Dated: Toms River, NJ
September 20, 2012